THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0137-JCC |
| Plaintiff, | ORDER |
| v. | |
| JUAN DE DIOS ALCARAZ-MARDUENO, | |
| Defendant. | |

Before the Court is Defendant's unopposed[1] motion for appointment of Russell M. Aoki as coordinating discovery attorney (Dkt. No. 20).[2] Having thoroughly considered the submission and the relevant record, the Court GRANTS the motion.

Discovery in this matter is anticipated to be voluminous. (*See* Dkt. No. 20 at 2.) It includes wiretap interceptions, many-paged documents, cellphone reports, phone toll and GPS data, surveillance videos, and photographs. (*Id.*) Defendant asks the Court to appoint Mr. Aoki as a coordinating discovery attorney to advise defense counsel on efficiently managing discovery and to implement a discovery management plan. (*Id.*) Mr. Aoki has been appointed as a coordinating discovery attorney in over 100 federal cases and has extensive experience

---

[1] Defendant represents that the Government does not oppose the motion. (*See* Dkt. No. 20.)

[2] Defense counsel filed Docket Number 21 as a Preacipe to correct errors on the signature page to Docket Number 20.

strategizing how best to organize discovery while maintaining evidentiary integrity. (*Id.* at 3.) Additionally, he has been appointed as a coordinating discovery attorney in related cases arising from the same investigation as this case. *See U.S. v. Gomez-Marentes, et al.*, Case No. CR20-0092-JCC, Dkt. No. 271 (W.D. Wash. 2020), *U.S. v. Flores-Rivera*, Case No. CR21-0096-JCC, Dkt. No. 24 (W.D. Wash. 2021), and *U.S. v. Valdez-Sanudo, et al.*, Case No. CR20-0217-JCC, Dkt. No. 129 (W.D. Wash. 2020).

Finding good cause, Defendant's motion (Dkt. No. 20) is GRANTED. Russell M. Aoki of Aoki Law PLLC is APPOINTED as Coordinating Discovery Attorney ("CDA") for court-appointed defense counsel and shall oversee any discovery issues. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

- Providing training and support services to the defense teams as a group and individually.

When executing these responsibilities, the CDA shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

The CDA's duties do not include providing legal representation services, and therefore will not be establishing an attorney-client relationship with Defendant.

Any discovery not already produced shall be provided directly to the CDA, who shall duplicate and distribute the discovery to defense counsel, unless the Government elects to produce discovery directly to defense counsel with a simultaneous copy to the CDA. The Government shall work with the CDA to provide discovery in a timely manner.

The CDA shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for such services including confirming the work previously agreed upon was performed. However, the CDA's time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

The CDA shall also provide this Court with monthly *ex parte* status reports describing the status of work and whether that work remains within the budget of any funds authorized by the Court, with a copy of each report provided to defense counsel.

DATED this 3rd day of August 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE